FILED
SUPERIOR COURT
OF GUAM

2020 JAN 23 PM 2: 01.

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

Plaintiff,

v.

VAYSON INEK,
DOB: 07/22/1994

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Criminal Case No. CM0289-19**
GPD Report No. 19-19473

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 12, 2019 for hearing on Defendant Vayson Inek's ("Defendant") Motion to Dismiss for Failure of Due Process Under GCA 45.10 and Request for Sanction of Dismissal as Only Remedy ("Motion to Dismiss"). Defendant appeared with Assistant Public Defender Rocky Kingree. The People are represented by Assistant Attorney General Sean Brown. After considering the arguments, the testimony of the parties, and the applicable law, the Court now issues this Decision and Order and **DENIES** Defendant's Motion to Dismiss.

### BACKGROUND

The Guam Police Department arrested Defendant on Saturday, July 6, 2019 at approximately 2:50pm following an investigation of a traffic collision. Defendant appeared before Magistrate Judge Quan on Monday, July 8, 2019 at 4:07pm. Minute Entry (July 8, 2019).

Court convened for the Magistrate's Hearings at 3:00pm. *Id.* On July 8, 2019, the Office of the Attorney General filed a Magistrate's Complaint charging Defendant with Driving While Impaired (as a Misdemeanor).

Defendant filed his Motion to Dismiss on October 15, 2019, seeking to dismiss the charges against him for failure to be brought in before a judge pursuant to 8 GCA § 45.10. Mot. to Dismiss at 3. The People oppose, arguing that the delay was not unreasonable as Defendant was brought before a judge at the first available Magistrate's Hearing. People's Opposition to Motion to Dismiss for Failure of Due Process Under (8) GCA 45.10 ("Opposition") at 3. The Court held a hearing on the matter, at which point the Court took the matter under advisement. Minute Entry (Dec. 12, 2019).

## DISCUSSION

"The Fourth Amendment requires the existence of probable cause to authorize an arrest and prohibits 'unreasonable . . . seizures' of a person." *People v. Bryan*, 2019 Guam 8 ¶ 10 (quoting U.S. Const. amend. IV; 48 U.S.C.A. § 1421b(c), (u)). "The Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite" to extended detention of persons following an arrest. *Gerstein v. Pugh*, 420 U.S. 103, 126 (1975).

"An officer making an arrest under a warrant or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before a judge of the Superior Court." 8 GCA § 45.10(a). "The person arrested shall in all cases be taken before the judge within forty-eight (48) hours after the arrest, except when the forty-eight (48) hour period expires, it is the burden of the government to demonstrate that a bona fide emergency or an extraordinary circumstance existed." *Id.* § 45.10(c). "It should be noted that although Subsection

(c) sets a maximum time period, the basic test in all cases requires no unnecessary delay." *Id.* § 45.10, Note.

## A.    Defendant's rights under 8 GCA § 45.10 were not violated.

Here, Defendant was arrested at approximately 2:50pm on Saturday, July 6, 2019. Defendant was brought before Magistrate Judge Quan on July 8, 2019. The Magistrate Hearings convened at 3:00pm, and Defendant's case was called at 4:07pm. As such, the Magistrate Hearing commenced 48 hours and 10 minutes after Defendant's arrest, and Defendant's case was called 49 hours and 17 minutes after his arrest.

While the statute lays out the forty-eight (48) hour timeline, "the basic test in all cases requires no unnecessary delay." 8 GCA §45.10(a). The delay here can hardly be said to be unreasonable. Defendant was arrested in the afternoon on a Saturday. Given the fact that Defendant was arrested at 2:50pm, Defendant was not able to be brought to the Saturday Magistrate Hearings. Magistrate Hearings are not generally held on Sundays. Defendant was brought to the Magistrate Hearings on Monday, which convenes at 3:00pm. Defendant was brought before a judge at the first available opportunity. A delay of ten (10) minutes is not unreasonable, considering Defendant was brought before a judge at the next available opportunity.

Therefore, Defendant's rights under 8 GCA § 45.10 were not violated.

### 1.    Defendant's cited Superior Court cases do not stand for the proposition that any violation of 8 GCA § 45.10(a) mandates dismissal.

Defendant argues that prior courts "have determined that failure to bring the defendant before the court . . . requires the case to be dismissed with prejudice." Mot. to Dismiss at 2. In support of this assertion, Defendant cites three Superior Court rulings: Decision & Order,

*People v. Reselap* (June 25, 2007), CM0446-18; Decision & Order, *People v. Laguana*, (Jan. 17, 2007), CF0138-05; and Decision & Order on Defendant's Mot. to Dismiss, *People v. Anastacio* (Jan. 2, 2007), CF0150-06. Defendant reads these cases too broadly. The courts in *Reselap* and *Anastacio* conducted the reasonableness analysis as part of their rulings. Further, the court in *Laguana* found the delay to be unreasonable, as Defendant's appearance occurred more than two months after the Indictment. *Laguana*, Decision & Order at 3-4. While there were dismissals in each of these cases, none of these rulings stood for the proposition that any and all violations of 8 GCA § 45.10 require dismissal of the charges alleged.

CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Dismiss. The Court finds that the delay in question was not unreasonable. The Court will hold a pre-trial conference on February 4, 2020 at 3:00pm.

**IT IS SO ORDERED** on this 23rd day of January, 2020.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of: *AG.S.*